Cory A. Baskin (SBN 240517)
cb@witkowlaw.com
witkow | baskin
21031 Ventura Boulevard, Suite 700
Woodland Hills, California 91364
Tel: 818.296.9508

Peter J. Brann (*pro hac vice*)
pbrann@brannlaw.com
BRANN & ISAACSON
184 Main Street, 4th Floor
P.O. Box 3070
Lewiston, ME 04243-3070
Tel: 207.557-8881

*Attorneys for Defendant*
JP Boden Services Inc. d/b/a BODENUSA.COM

witkow | baskin

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBEKAH RODRIGUEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JP BODEN SERVICES INC., a Delaware corporation d/b/a BODENUSA.COM,<br><br>Defendant. | Case No. 23-cv-00534-L-WVG<br><br>*Assigned to the Hon. M. James Lorenz.*<br><br>**DECLARATION OF SUZANNE FOLEY**<br><br>Complaint Filed: March 24, 2023 |

Pursuant to 28 U.S.C. § 1746, I, Suzanne Foley, declare and state as follows:

1. I am over the age of 18 and submit this declaration in support of the motion to dismiss filed by Defendant J.P. Boden Services, Inc.'s (Boden).

2. I am a Chief Financial Officer at Boden. I have been employed with Boden for four years.

3. In that capacity, I am familiar with Boden's website, www.bodenusa.com, and with Boden's business model and marketing practices.

4. I am also familiar with Boden's internal record-keeping systems.

5. According to Boden's records, the Plaintiff in this case, Rebekah Rodriguez, has three accounts with bodenusa.com. Her oldest account was opened in 2005. Her most recent account was created in 2019. Her most recent purchase was in March 2019.

6. As of February 2023, when Plaintiff alleges she visited Boden's website, Boden had in place an arbitration agreement (Agreement) as part of its standard Terms and Conditions (Terms) available on its website. A copy of the Agreement is attached here as Exhibit A.

7. The Terms are linked from every page on Boden's website. A screenshot of the page Plaintiff alleges to have visited, https://www.bodenusa.com/en-us/boden-quality-clothing, Complaint ¶ 4, showing the "Terms & Conditions" link, is attached as Exhibit B.

8. The Terms state that "Your use of our website constitutes your agreement to follow and be bound by these conditions."

9. The Agreement states that it "applies to all disputes that might arise between us, including, but not limited to, disputes arising out of or related to the Terms, the operation and content of the Website, [and] your use of the Website" as well as "all federal, state, and local statutory, regulatory, constitutional, and common law claims of any kind."

10. The "Arbitration Requirements and Rules" paragraph states that: "In the



witkow | baskin

witkow|baskin

event You and JP Boden Services Inc disagree on whether a Dispute must be arbitrated, the arbitrator shall have, to the fullest extent permitted by law, the sole authority to address all arguments concerning the formation, legality, and enforceability of this arbitration agreement, the scope of the arbitration agreement, and the arbitrability of any Dispute arising between you and JP Boden Services Inc."

11. The Agreement referenced above was in force in February 2023, when Plaintiff alleges she visited the site.

12. Boden is a clothing company that sells its products online through its website, www.bodenusa.com. Boden is not a company that sells videos or video content to subscribers, like Netflix or even CNN or the Los Angeles Times. Although Boden has customers, it does not have "subscribers" as that term is commonly understood.

13. Plaintiff claims that she "subscribed" to a Boden "marketing e-newsletter." Complaint ¶ 32.

14. Boden sends promotional emails to persons who agree to receive such emails, but in order to receive such promotional emails, persons must sign up. The screenshot attached as Exhibit B shows the sign-up form as it is presented on the website. As the screenshot shows, the sign-up form is located near the link to the Terms.

15. One does not have to be a "subscriber" to view Boden's website. Indeed, Boden does not have anyone who "subscribes" to the Boden's website. On the contrary, customers, non-customers, and persons who mistakenly or absentmindedly click on a link, can visit the Boden page that Plaintiff claimed she visited in February 2023. Complaint ¶ 4.

16. Plaintiff claims that she watched a "video" on https://www.bodenusa.com/en-us/boden-quality-clothing. Complaint ¶ 4. The referenced "video" that Plaintiff allegedly watched is a short (less than six-second), repeated, loop of a woman walking on a beach with children, and does not contain a title, much less contain a title of a video that is collected or provided to others. Complaint ¶ 14 (Figure 1). The video

has no sound or dialogue.

17. Boden does not produce or display "videos" in any commonsense understanding of that term, much less videos with "titles" in any commonsense understanding of that term.

Pursuant to 28 U. S. C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 18, 2023

S. Foley

Suzanne Foley

witkow | baskin