Cory A. Baskin (SBN 240517)
cb@witkowlaw.com
witkow | baskin
21031 Ventura Boulevard, Suite 700
Woodland Hills, California 91364
Tel: 818.296.9508

Peter J. Brann (*pro hac vice*) (ME 2466)
pbrann@brannlaw.com
Eamonn R.C. Hart (*pro hac vice*) (ME 5936)
ehart@brannlaw.com
Brann & Isaacson
113 Lisbon St., P.O. Box 3070
Lewiston, ME 04243-3070
Tel: 207.786.3566

*Attorneys for Defendant*
JP Boden Services Inc.

witkow | baskin

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBEKA RODRIGUEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JP BODEN SERVICES INC., a Delaware corporation d/b/a BODENUSA.COM,<br><br>Defendant. | Case No. 23-cv-00534-L-WVG<br><br>**Defendant's Reply Memorandum of Points and Authorities in Support of its Motion to Dismiss**<br><br>Hearing Date: June 26, 2023<br>Time: 10:30 am<br>Judge: Hon. M. James Lorenz<br><br>No Oral Argument Under Local Rule |

## Introduction

Defendant JP Boden Services Inc. (Boden) moved to dismiss the First Amended Complaint (FAC), ECF 14, of Plaintiff "Rebekah" Rodriguez because: (1) the claim under the Video Privacy Protection Act (VPPA), 18 U.S.C. § 2710, is wholly insubstantial and frivolous and thus the Court lacks subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1); and (2) Plaintiff's alleged claim is subject to mandatory, individual, arbitration under the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*. ECF 15-1 (Motion). On June 21, 2023 (less than a week before the hearing date), Plaintiff "Rebeka" Rodriguez opposed that motion (without seeking leave to file a late opposition after her earlier oppositions were declared moot or stricken). ECF 32 (Opposition). If the Court does not disregard or strike *sua sponte* Plaintiff's Opposition as untimely under S.D. Cal. Civ. R. 7.1(e)(2), Boden submits this reply in response.

## Argument

### I. Because Plaintiff's VPPA Claim is Wholly Insubstantial and Frivolous, this Court Lacks Subject Matter Jurisdiction.

Although Plaintiff alleges that Boden violated the VPPA, like *Hamlet* without the prince, Plaintiff does not discuss the actual, undisputed and indisputable, facts relating to Boden or the challenged video. Boden is a British clothier, not a "video tape service provider." Motion 7 (citing FAC ¶ 5; ECF 16, ¶ 12). The "videos" that Plaintiff claims are "video cassette tapes or similar audio visual materials" is "a short (less than six-second), repeated, loop of a woman walking on a beach with children, and does not contain a title, much less contain a title of a video that is collected or provided to others." Motion 8 (quoting ECF 16, ¶ 16). Any casual visitor to Boden's website can see this "video"—no subscription to the website is necessary or even possible. Motion 6 (citing ECF 16, ¶ 15). Plaintiff's limitless legal theory is underscored by Plaintiff's argument that any commercial website showing any video could violate the VPPA. *Cf.* Opposition 3 ("website owners/operators with no commercial interest (such as a non-profit entity)



witkow | baskin

are clearly beyond the scope of the VPPA”). Plaintiff’s failure—and inability—to contest the incontrovertible circumstances in this matter demonstrate that Plaintiff’s VPPA claim is wholly insubstantial and frivolous.

Plaintiff argues that Boden is a “video tape service provider” under 18 U.S.C. § 2710(a)(4) because the VPPA should be interpreted to include new technologies. *See* Opposition 1–3. Boden is not challenging the application of the VPPA to new technologies, such as streaming services. Rather, Boden contends that the statute only applies to companies that are in the video or content-delivery business, like *every* VPPA case cited by Plaintiff (including the out-of-circuit district court case “notably” not cited by Boden). *See id*. 2. A clothing retailer that includes a silent, six-second video of a woman walking on a beach scarcely qualifies as someone “engaged in the business” of “rental, sale, or delivery of prerecorded video cassette tapes or similar audio visual materials” under section 2710(a)(4).

Plaintiff next argues that she is a “purchaser” or “subscriber” under 18 U.S.C. § 2710(c) because there is no requirement that the consumer purchase or subscribe to video or content-delivery “goods or services from a video tape service provider.” *See* Opposition 3–9. If Plaintiff is now actually “Rebeka Rodriguez,” Boden has no current record that she purchased a Boden product or signed up for Boden’s promotional emails. Suzanne Foley Supplemental Declaration (Foley Supp. Dec.) ¶ 5. This new information renders her VPPA claim even more frivolous than before.

If Plaintiff’s previous assertions are credited, they still fall short. Once again, Plaintiff “Rebekah Rodriguez” does not dispute that she was only a “purchaser” of clothes from Boden, as opposed to video, that her “subscription” to promotional emails did not include video, and that she did not—and could not—have a “subscription” to Boden’s free website containing the challenged video. *See* Motion 5–6. As the two most analogous cases concluded, this Court should reject Plaintiff’s effort to decouple “purchaser” and “subscriber” from the covered video goods or services offered by a video

witkow | baskin

tape service provider. *See Carter v. Scripps Network, LLC*, 2023 WL 3061858, *6 (S.D.N.Y. Apr. 24, 2023); *Jefferson v. Healthline Media, Inc.*, 2023 WL 3668522, *3 (N.D. Cal. May 24, 2023).

Plaintiff argues that the term "purchaser" is "undefined and unlimited," based on her rewrite of a Ninth Circuit case. *See* Opposition 4 ("As a 'broad remedial statute,' the [VPPA] must be liberally construed in favor of the consumer in order to effectuate this goal of eliminating abuse.") (brackets added by Plaintiff). The quoted case, however, did not involve the term "purchaser" or even the VPPA. *See Hernandez v. Williams, Zinman & Parham PC*, 829 F.3d 1068, 1078–79 (9th Cir. 2016).

Plaintiff's next argument is a strawman, namely, that that there is no requirement of payment to be a "subscriber." *See* Opposition 5–6. That, however, is not Boden's argument. Instead, courts confirm what Boden's declarant averred without contradiction—it is nonsensical to say that Boden has any "subscribers" to its free website which does not require any type of commitment, relationship, or association in order to view the website. *See* Motion 6–7 (citing ECF 16, ¶ 15, and collecting cases).

Plaintiff next urges this Court to adopt the definition of "subscriber" adopted in *Yershov v. Gannett Satellite Info. Network, Inc.*, 820 F.3d 482 (1st Cir. 2016). *See* Opposition 6–8. This is unavailing for two reasons. *First*, the Ninth Circuit declined to follow the First Circuit's broad reading of other provisions of the VPPA. *See Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 985–86 (9th Cir. 2017). *Second*, unlike this case, the specific app the plaintiff in *Yershov* downloaded was the same one he used "to read news articles and watch numerous video clips." 820 F.3d at 485. *Yershov* undermines, not undergirds, Plaintiff's reading of "subscriber" in this case. In short, the Court should reject Plaintiff's contention that the term "subscriber" is "undefined and unlimited," Opposition 8, which is necessary to stretch the VPPA to reach Boden.

Although Plaintiff asserts that Boden disclosed "personally identifiable information" in violation of 18 U.S.C. § 2710(c), she concedes—as she must—that the



witkow | baskin

VPPA is limited to "information that would readily permit an ordinary person to identify a specific individual's video-watching behavior." Opposition 10 (quoting *Eichenberger*, 876 F.3d at 985); *see also In re Nickelodeon Consumer Privacy Litig.*, 827 F.3d 262, 284 (3d Cir. 2016) ("Congress's purpose in passing the Video Privacy Protection Act was quite narrow.") (followed in *Eichenberger*, 876 F.3d at 985). The actual facts demonstrate that even this narrow disclosure did not happen.

Plaintiff claims that the Court must accept at face value her assertion that Boden discloses her personally identifiable information, Opposition 10, but that is incorrect on a motion to dismiss under Fed. R. Civ. P. 12(b)(1). As this Court previously explained, under Rule 12(b)(1), "courts consider extrinsic evidence and do not accept the disputed allegations as true." *Eisenberg v. BBVA USA*, 2021 WL 5177773, *1 (S.D. Cal. July 12, 2021) (citation omitted).

Plaintiff does not appear to dispute that the *only* allegation Boden disclosed Plaintiff "Rebekah" Rodriguez's actual identity is paragraph 20 of the First Amended Complaint, which asserts that when a "visitor" to Boden's website is also logged into Facebook, the Facebook pixel transmits that "visitor's unencrypted Facebook ID" to Facebook. *See* Opposition 10–13; Motion 9–12. Despite amending her complaint after Boden made this argument, Plaintiff never alleged that she was logged into Facebook when she watched the six-second "video" or that she even has a Facebook account. This alone distinguishes this case from the authorities she relies upon. *See* Opposition 10–11.

Plaintiff also fails to come to grips with the fact that even if her specific identity had been disclosed—which it was not—the alleged disclosure did not also satisfy the other requirement of the VPPA in this Circuit, namely, that the disclosure also must identify her "video-watching behavior." *Eichenberger*, 876 F.3d at 985. Simply informing Facebook that "Qris Tester" allegedly visited a webpage entitled "quality clothing" tells the ordinary observer nothing about Plaintiff Rebekah (or Rebeka) Rodriguez's specific video-watching behavior. *See* Motion 10.



witkow | baskin

Plaintiff's remaining arguments about alleged disclosure of personally identifiable information are long on rhetoric and rhetorical questions, but short on facts and law. *See* Opposition 12–13. Plaintiff never explains how any of these alleged disclosures would enable the ordinary observer both to identify a specific individual and to identify their specific video-watching behavior. Moreover, Plaintiff never responds to the argument that these alleged, additional disclosures fail to clear the bar set in *Eichenberger*. *See* Motion 11–12.

In sum, Plaintiff's VPPA claim hinges on both: (1) ignoring the true facts in this case (a six-second, untitled, video loop with no sound or dialogue that would not allow any ordinary observer to identify Plaintiff's video-watching behavior); and (2) interpreting the material terms of the narrow VPPA as "undefined and unlimited." Stated differently, Plaintiff's VPPA claim is wholly insubstantial and frivolous and thus the Court lacks subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

## II. Because Plaintiff Had At Least Constructive Knowledge of the Mandatory Arbitration Requirement, the Court Should Grant Boden's Motion to Compel Arbitration.

If the Court nevertheless finds that it has subject matter jurisdiction, in the alternative, the Court should grant Boden's motion to compel arbitration. Although discussed towards the end of her opposition, *see* Opposition 24–25, analytically the threshold question is whether Boden waived its right to seek arbitration by allegedly litigating the merits of this case. As this Court previously explained, faced with a motion to dismiss for lack of subject matter jurisdiction and a motion to compel arbitration, this Court considers first the Rule 12(b)(1) motion. *See Eisenberg v. BBVA USA*, 2021 WL 5177773, *1 (S.D. Cal. July 12, 2021). If the Court lacks subject matter jurisdiction, it lacks jurisdiction to issue any ruling, including an order to compel arbitration. None of the cases cited by Plaintiff involved a challenge under Rule 12(b)(1), and all involved various allegations of litigating the merits of a case for months or longer, including



witkow | baskin

serving discovery and the like, and only after failing to prevail on the merits, seeking arbitration. *See* Opposition 24–25. That is not this case.

On the merits, Plaintiff repeatedly argues that Boden's motion to compel arbitration should be denied because Boden fails to satisfy the standard set forth in an out-of-circuit district court case, *Berkson v. Gogo LLC,* 97 F. Supp. 3d 359 (E.D.N.Y. 2015). *See* Opposition 14–22 (citing *Berkson* 11 times); *see also id*. 15–17, 19–20 (citing other cases from E.D.NY., S.D.N.Y., C.D. Ill.). That is not controlling standard in this Court.

The critical issue instead is whether Plaintiff can be charged with constructive knowledge of Boden's terms and conditions under *Long v. Provide Com., Inc.*, 245 Cal. App. 4th 855, 863, 200 Cal. Rptr. 3d 117 (2016), and *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1176 (9th Cir. 2014). If so, Plaintiff does not—and cannot—dispute that her VPPA claim must be arbitrated on an individual basis. *See* Motion 16–17 (citing ECF 16, ¶¶ 9–10, ECF 16-1).

Plaintiff argues at length that she was not on constructive notice of Boden's terms and conditions because an average consumer would not have been alerted to those terms and conditions by the size and nature of the typeface, hyperlinks, and the like. *See* Opposition 14–23. But Plaintiff is not merely an average consumer.

Although Plaintiff Rebeka Rodriguez does not appear to be a Boden customer, *see* Foley Sup. Dec.¶ 5, which eviscerates her VPPA claim, in her First Amended Complaint, Plaintiff alleges that she is a Boden consumer because she is both a Boden purchaser and a Boden subscriber. FAC ¶ 32. She argues extensively that the VPPA protects her precisely because she is a Boden consumer, purchaser, and subscriber. *See* Opposition 3–9. Significantly, the webpage to which Plaintiff claims she "subscribed" to promotional emails prominently featured Boden's terms and conditions. *See* Motion 14 (citing ECF 16, ¶ 7; ECF 16-1). And yet, at the same time, Plaintiff argues that she is a complete stranger to Boden's website and its terms and conditions. ECF 18-7, ¶ 3. Indeed, Plaintiff now goes so far as to declare that "[d]uring my visit to the Website, I



witkow | baskin

did not anticipate that I would enter into an ongoing relationship with Defendant governed by extensive contractual terms." *Id.* Having alleged in the First Amended Complaint that she, in fact, had an ongoing relationship with Boden, *see* FAC ¶ 32, the Court need not, and should not, credit her eleventh-hour attempt to deny such a relationship.

Furthermore, Plaintiff asserts that she is a "tester who works to ensure that companies abide by the privacy obligations imposed by federal law." FAC ¶ 33. Thus, the Court properly could view skeptically the assertion that a tester working to ensure that Boden is abiding by federal privacy obligations nevertheless lacks any curiosity about Boden's terms and conditions spelling out its privacy policy. Although Plaintiff argues that being a "tester" is irrelevant to this inquiry, the only two cases she cited did not involve testers. *See* Opposition 23.

This is not Plaintiff's first rodeo as a tester. Plaintiff does not disagree that working with the same counsel, she has filed at least three other privacy lawsuits. *See* Motion 15–16 (other lawsuits filed by "Rebekah" Rodriguez). Although Plaintiff dismisses out-of-hand as irrelevant the fact that her counsel has filed over 100 such lawsuits, *see* Opposition 24, other federal judges have found such history relevant in assessing motions to dismiss. *Cf. Byars v. Sterling Jewelers, Inc.*, 2023 WL 2996686, *1 (C.D. Cal. Apr. 5, 2023) ("Plaintiff Arisha Byars [is] a tester who has filed at least 100 similar lawsuits asserting online privacy violations") (brackets added) (granting motion to dismiss); *Licea v. Caraway Home Inc.*, 2023 WL 1999496, *6 (C.D. Cal. Feb. 9, 2023) ("Plaintiff, and his counsel, Scott Ferrell, are serial litigants bringing numerous 'cookie cutter' lawsuits under CIPA against various businesses that operate websites. … Mr. Ferrell appears to work with multiple 'tester' plaintiffs to drum up these lawsuits.") (ellipsis added) (granting motion to dismiss).

Plaintiff asserts that *Byars v. Goodyear Tire and Rubber Co.*, 2023 WL 1788553 (C.D. Cal. Feb. 3, 2023), "is directly on point and provides significant guidance here,"



witkow | baskin

Opposition 24, but that case did not involve either a motion to dismiss under Rule 12(b)(1) or a motion to compel arbitration. Other courts have also dismissed *Goodyear* on the merits as an "outlier" and "unpersuasive." *See Byars v. Hot Topic, Inc.*, 2023 WL 2026994, *11 (C.D. Cal. Feb. 14, 2023); *Martin v. Sephora USA, Inc.*, 2023 WL 2717636, *15 (C.D. Cal. Mar. 30, 2023); *Valenzuela v. Keurig Green Mtn., Inc.*, 2023 WL 3707181, *6 n.5 (N.D. Cal. May 24, 2023).

Finally, Plaintiff alleges that she retained an expert to scour the metadata on Boden's website to show Boden was violating Plaintiff's privacy rights under the VPPA. *See* FAC ¶ 20. In other words, while Plaintiff is so interested in Boden's privacy practices that she retained an expert to investigate the matter, she is so completely uninterested in Boden's privacy policy that she did not click on the link to that policy when she visited the Boden website. Even on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), which is a much more forgiving standard, the Court need not credit "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citations omitted).

Plaintiff had constructive knowledge of Boden's terms and conditions that mandated individual arbitration based on Plaintiff's allegations in the First Amended Complaint that she was a Boden consumer, purchaser, and subscriber, FAC ¶ 32, that she was "tester who works to ensure that companies abide by the privacy obligations imposed by federal law," *id.* ¶ 33, that she had filed other privacy lawsuits with counsel who has an extensive practice of filing such lawsuits, Motion 15–16, and that she retained an expert to investigate the metadata on Boden's website looking for privacy violations, FAC ¶ 20. Although Plaintiff may have closed her eyes to Boden's privacy policy that requires her to arbitrate on an individual basis her VPPA claim against Boden, the Court should conclude that she constructively consented to that policy.

witkow | baskin

**Conclusion**

Defendant JP Boden Services Inc. respectfully requests that its motion to dismiss or motion to compel arbitration be granted.

Dated: June 27, 2023

Respectfully submitted,

Brann & Isaacson

By: /s/Peter J. Brann
Peter J. Brann

Attorneys for Defendant
JP Boden Services Inc.

witkow | baskin